IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| STEPHEN W. McGATHA,   )<br>  )<br>  Plaintiff,   )<br>  )<br>v.   )<br>  )<br>NSS TECHNOLOGIES, INC., JOHN   )<br>KACSITS, CNA INSURANCE   )<br>COMPANY, INC., et al.,   )<br>  )<br>  Defendants.   ) | Case No.: CV-02-PT-0883-M |

FILED
JUN 2 0 2002
UNITED STATES DISTRICT
NORTHERN DISTRICT OF ALA.

ENTERED
JUN 2 0 2002

## MEMORANDUM OPINION

This cause comes to be heard on defendant Continental Casualty Company's ("CCC")[1] Motion(s) to Strike Claims for Punitive Damages and to Strike Jury Demand filed on April 8, 2002, and plaintiff Stephen W. McGatha's ("McGatha") Motion to Remand filed on May 2, 2002.

### PARTIES[2]

Plaintiff McGatha is an adult resident of Etowah County, Alabama. Defendant John Kacsits ("Kacsits") is an adult resident of Calhoun County, Alabama. Defendant NSS Technologies, Inc. ("NSS") is a business incorporated in the State of Michigan and currently conducts business in Etowah County, Alabama. Defendant CCC conducts business in Etowah County, Alabama.[3]

---

[1] CCC is inappropriately described in the plaintiff's complaint as CNA Insurance Company.

[2] For the purposes of this Memorandum Opinion, the facts alleged by McGatha in the complaint are deemed to be true and correct.

[3] Defendant CCC's citizenship is not alleged in the complaint.

22

**FACTS AND PROCEDURAL HISTORY**

McGatha was an employee at NSS. Kacsits was the General Manager of NSS while McGatha was employed there. CCC issued NSS a policy of group short-term disability insurance. On December 30, 2000, McGatha elected to be covered under the group short-term disability policy. Deductions for premium payments were taken out of his pay check.

In June of 2001, McGatha was diagnosed as having Carpal Tunnell Syndrome. On July 30, 2001, McGatha made a claim under the group short-term disability policy for disability benefits. On September 10, 2001, CCC sent McGatha a notice denying or refusing to pay the claim. After this denial, McGatha requested reimbursement of his premium payments from NSS. NSS did not refund the payments to McGatha. On January 11, 2002, NSS terminated McGatha.

On March 1, 2002, McGatha filed a civil action in the Circuit Court of Etowah County, Alabama against NSS, Kacsits, and CCC.[4] McGatha alleged in Count I that CCC breached the terms of the insurance policy by denying his claim. In Count II McGatha alleged that CCC acted in bad faith by denying his claim. In Count III McGatha alleged that the "Defendant" fraudulently represented to him that he would be covered under CCC's short-term disability policy.[5] McGatha alleged in Count IV that NSS unlawfully terminated him because he filed or made a claim for short-term disability benefits. Finally, in Count V McGatha alleged that Kacsits intruded on his physical solitude or seclusion concerning his private activities when he

---

[4] McGatha also named as fictitious defendants A, B, C, "being the current liability insurance company for NSS Technologies, Inc. whose name is presently unknown to your Plaintiff . . . ."

[5] McGatha did not specify in the complaint which defendant made these allegedly fraudulent representations.

2

told several coworkers that "one of the reasons they got rid of him [the plaintiff] because he was gay."

CCC was served with the complaint on March 8, 2002. It subsequently removed the action to this court on April 8, 2002. According to CCC, all of McGatha's claims arise from the benefits provided by or the administering of an employee welfare or benefit plan governed by the Employee Retirement Income Security Act of 1974. Thus, it stated that this action is one over which the District Courts of the United States are given original jurisdiction under 28 U.S.C. § 1441 and 29 U.S.C. § 1132 *et seq.* (ERISA enforcement). On April 8, 2002, CCC filed a Motion to Strike Claims for Punitive Damages and a Motion to Strike Jury Demand. On May 2, 2002, McGatha filed a Motion to Remand.

## ARGUMENTS

Defendant CCC has filed two motions for consideration. First, it moves to strike McGatha's claims for punitive damages. According to CCC, ERISA provisions do not provide for extra-contractual remedies including punitive damages. *See* 29 U.S.C. § 1001 *et seq.* It claims that McGatha's remedies are limited in accordance with ERISA and claims for punitive damages and other extra-contractual damages have been repeatedly held unavailable. *See McRea v. Seafarers' Welfare Plan*, 920 F.2d 819 (11th Cir. 1991). Second, CCC moves to strike McGatha's jury demand. It asserts that the action is based on the provisions of the Employee Retirement Income Security Act and, as such, no jury trial is authorized under federal law. It concludes that all state causes of action are preempted and the right to a jury trial has been affirmatively determined not to exist under this federal cause of action.

Plaintiff McGatha moves to remand this action and objects to defendant CCC's motion(s) to strike claims for punitive damages and the jury demand. Turning to the motion to remand,

3

McGatha makes four arguments. First, McGatha claims that this court lacks subject-matter jurisdiction because there is no diversity jurisdiction nor federal question jurisdiction. According to McGatha, there is no diversity jurisdiction because he and Kacsits are both citizens of the State of Alabama. Furthermore, he notes that CCC and NSS are corporations conducting business in the State of Alabama. As for the lack of federal question jurisdiction, McGatha argues that his claims do not involve the regulation or administration of the policy issued to NSS. He contends that the breach of contract, fraud, and bad faith claims are against NSS and, thus, can be disposed of in the Circuit Court of Etowah County, Alabama.

Second, McGatha notes that he has amended his complaint to include a claim for workmen's compensation benefits and retaliatory discharge. Relying on *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000), he claims that federal courts do not have jurisdiction over workmen's compensation claims: "A few actions, however, cannot be removed from state to federal court. Specifically, 28 U.S.C. Section 1445(c) bars the removal of claims from state court 'arising under the workmen's compensation laws' of the forum state." He also contends that this court does not have jurisdiction over the retaliatory discharge claim because it arises under the Alabama worker's compensation law.

Third, McGatha argues that this action is due to be remanded because the causes of action are not separate and independent. McGatha claims that the causes of action arise out of the same facts. He points out that CCC and NSS have policies of insurance coverage that did not provide benefits to him after he received an on the job injury. He further notes that neither company has paid benefits for the on job injuries he suffered. Finally, McGatha relies on Florida's Uniform Contribution Among Tortfeasors Act, section 768.31(5), to demonstrate that the causes of action are not separate and independent.

4

Fourth, McGatha claims that the action is due to be remanded because NSS and Kacsits did not join in the removal as required by 28 U.S.C. § 1446(a). He notes that failure to comply with the joinder rule constitutes a defect in the removal procedure. Consequently, he argues that the action is due to be remanded.

Finally, McGatha objects to CCC's motion(s) to strike the claims for punitive damages and jury demand. Addressing the punitive damages issue, McGatha argues that his remedies are not limited in accordance with ERISA as state law claims have been alleged as well. In the alternative, he requests that the state law claims be severed and remanded to the state court. Turning to the jury demand issue, McGatha argues that the allegations of wrong-doing and non-payment of benefits by CCC are triable issues by a jury. He claims that trial by jury is a matter of right. He notes that Section 514(d) of ERISA explicitly saves federal causes of action. See 29 U.S.C. § 1144(d). He concludes by claiming that exercising his constitutional right to a jury trial is "consistent with the spirit of the Federal Rules of Civil Procedure, which allow liberal joinder of legal and equitable actions, and the Declaratory Judgment Act, 28 U.S.C. Sections 2201, 2002 (1982 Ed.), which preserve the right to a jury trial to both parties." *Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

CCC responds that removal was proper without the joinder of all defendants. It notes that in the rare occasion where there are separate and independent claims against an ERISA entity and arising under federal statutes the action can be removed by the one party affected by the independent cause of action arising under federal law. It argues that it properly removed the claim against it for failure to pay benefits for claims arising under the employee benefit plan. It notes that the claims for retaliatory discharge, worker's compensation benefits, invasion of privacy, false light, and fraudulent suppression are alleged only against either Kacsits or NSS.

5

Since these claims are wholly separate and independent from the claims against CCC, it argues that the entire case can be removed and the court may determine the issues in the removed case which it may determine or may remand the causes against the co-defendants. *See* 28 U.S.C. § 1441(c). *See also Dillon v. State of Mississippi Military Dep't.*, 23 F.3d 915 (5th Cir. 1994); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310 (9th Cir. 1981); *and Akin v. Ashland Chem. Co.*, 156 F.3d 1030 (10th Cir. 1998).

CCC also responds to McGatha's objections. While McGatha may have a right to a jury trial and to recover punitive damages for his claims against NSS and Kacsits, CCC argues that no such right exists relative to the claims against it. It notes that McGatha's state law claims for breach of contract and bad faith are preempted by ERISA because they relate to an employee welfare benefits plan. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). It claims that McGatha's remedy is limited to the benefits due under the terms of the plan and punitive and extra contractual damages are not available. *See Bishop v. Osburn Transp., Inc.*, 838 F.2d 1173 (11th Cir.). Furthermore, CCC notes that the Eleventh Circuit has decided that there is no statutory nor constitutional right to a trial by jury of an ERISA action. *See Hunt v. Hawthorne Assoc., Inc.*, 119 F.3d 888 (11th Cir. 1997).

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). Therefore, federal courts only have power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095. The removal statute is to be

construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

A case may be removed from state to federal court only if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed on the removing party with all doubts resolved in favor of remand. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). A state court action may be removed to federal court based upon diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a), (b). However, diversity will not support removal jurisdiction if any properly joined defendants are citizens of the state in which the suit was originally filed. *See id.*

### CONCLUSIONS OF THE COURT

It initially appears to the court that the failure of NSS to join in the removal even as to the ERISA claim defeats the jurisdiction of this court. The removing defendant is given ten days to oppose this tentative conclusion, if it can do so in good faith. If it so opposes, it should specifically quote from controlling cases. Plaintiff will have ten days to respond.

This 20th day of June 2002.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**